UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARCHE MASTER FUND, L.P.<br><br>       Plaintiff,<br><br>  v.<br><br>XE-R, LLC,<br><br>       Defendant. | ECF CASE<br><br>Civil Action No. 07-CV-2993<br>(TPG)(AJP) |

**DEFENDANT'S RULE 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS**

PLEASE TAKE NOTICE THAT, pursuant to Rule 56.1 of the Local Rules of the United States District Court for the Southern and Eastern Districts of New York, the undersigned attorneys for Defendant, XE-R, LLC ("XE-R"), submit this Rule 56.1 Statement of Undisputed Material Facts in Support of Defendant's Motion for Summary Judgment as follows:

Statement No. 1

  Plaintiff, Arche Master Fund, L.P. ("Arche"), is a wholly owned subsidiary of XE Capital Management, LLC ("XE Capital").

Statement No. 2

  XE Capital is the sole member of the investment manager of Arche.

Statement No. 3

  Defendant, XE-R, is a joint venture owned 44.44% by XE Capital and 55.56% by R 2004, LLC ("R 2004"), the Managing Member of XE-R.

Statement No. 4

  Mark Ross & Co., Inc. ("MR&Co.") is an insurance brokerage firm engaged in the business of, among other things, marketing and selling life insurance policies.

Statement No. 5

    Mark E. Ross is the President of XE-R, the principal owner of R 2004, and the principal owner, President, Chief Executive Officer and Chairman of the Board of MR&Co.

Statement No. 6

    A true and correct copy of the XE-R "Amended and Restated Limited Liability Company Agreement" between XE Capital and R 2004, dated as of August 23, 2004, is annexed hereto as Exhibit A.

Statement No. 7

    A true and correct copy of the XE-R "Second Amended and Restated Limited Liability Company Agreement" between XE Capital and R 2004, dated as of December 31, 2004 (the "XE-R Agreement"), is annexed hereto as Exhibit B.

Statement No. 8

    A true and correct copy of the Note Purchase Agreement executed by XE-R and Arche dated August 23, 2004 (the "Note Purchase Agreement") is annexed hereto as Exhibit C.

Statement No. 9

    A document dated April 12, 2007, unsigned and without letterhead, purportedly from Peter Calamari, Esq., of Quinn, Emmanuel, Urquhart, Oliver & Hedges, LLP ("Quinn, Emmanuel"), counsel for Plaintiff, was delivered to XE-R and Harry C. Beatty, Esq., of Kent, Beatty & Gordon, LLP ("KB&G"), counsel for Defendant on April 12, 2007, notifying Defendant that Arche considered it in violation of the Note Purchase Agreement. A true and correct copy of this document is annexed hereto as Exhibit D.

Statement No. 10

    On April 13, 2007, Plaintiff filed the current action in the United States District Court for the Southern District of New York, alleging breach of contract.

Statement No. 11

    A letter dated April 12, 2007 from Mr. Calamari to Mark E. Ross was received on April 17, 2007 by XE-R. In the letter, Arche alleged that XE-R engaged in unauthorized transactions with an affiliate in violation of § 10.1 of the Note Purchase Agreement, and that XE-R violated §§ 3.6(ii) and (iv) of the XE-R Agreement by not using XE-R as the exclusive wholesale broker in settlement of life insurance policies, purportedly triggering defaults under §§ 11(c) and (d) of the Note Purchase Agreement. A true and correct copy of this letter is annexed hereto as Exhibit E.

Statement No. 12

Jack A. Gordon, Esq., of KB&G, responded to Plaintiff's April 12, 2007 letter, received on April 17, 2007, by letter dated April 17, 2007, stating that XE-R is not in violation of either the Note Purchase Agreement or the XE-R Agreement and MR&Co. intends to give XE-R a 100% participation in any settlement brokerage commission in connection with the transaction complained of. Additionally, the letter urged Plaintiff to withdraw the lawsuit. A true and correct copy of this letter is annexed hereto as Exhibit F.

Statement No. 13

Plaintiff forwarded a letter dated April 20, 2007 from Kevin S. Reed, Esq., of Quinn, Emmanuel, refusing to withdraw its suit against XE-R. A true and correct copy of this letter is annexed hereto as Exhibit G.

Statement No. 14

Making loans collateralized by life insurance is one of the stated purposes of XE-R, as set forth in the XE-R Agreement.

Statement No. 15

Brokering the settlement of life policies is in the ordinary course of XE-R's business, as it is one of the stated purposes of XE-R in the XE-R Agreement.

Statement No. 16

Section 2.2 of the XE-R Agreement states the purposes for which XE-R was formed, including "(i) to originate loans collateralized by life insurance policies ("Loans") in exchange for a loan origination fee; ... (v) to broker life settlements of policies and receive compensation related to such brokerage; ... and (vii) to transact the foregoing ... with policy owners on a direct basis with MR&Co. and the Company as co-brokers, and as a 'wholesaler' for other life insurance brokers and intermediaries through the Company."

Statement No. 17

XE-R could not obtain more favorable terms than receiving 100% of any brokerage commission earned by MR&Co. in connection with the Jenkins Transaction.

Statement No. 18

The XE-R Agreement is a "Transaction Document."

3

Statement No. 19

    MR&Co. is in privity with the Jenkins Trust; therefore, settlement of the policy held by the Jenkins Trust could not be a "wholesaler" transaction.

Statement No. 20

    The Note Purchase Agreement and the August 23, 2004 XE-R Agreement were executed contemporaneously.

Statement No. 21

    The Note Purchase Agreement, annexed hereto as Exhibit C, incorporates by reference the XE-R Agreement in at least the following provisions:

> **Section 5.1    Organization; Power and Authority**
>
>     The Company has the power and authority and legal right to ... execute and deliver this Agreement, the Notes and the other Transaction Documents and to perform the provisions hereof and thereof.
>
> **Section 5.3    Disclosure**
>
>     All information provided ... in connection with this Agreement or any other Transaction Document ... was true, complete and correct in all material respects ... .
>
> **Section 5.6    Compliance**
>
>     The execution, delivery and performance by the Company of the Transaction Documents will not (i) contravene ... to any ... agreement or instrument to which the Company is bound ... .
>
> **Section 5.10    Title to Property**
>
>     The Company is newly formed and has no properties or assets other than ... the rights under the Transaction Documents and agreements contemplated thereby.
>
> **Section 10.2    Merger, Consolidation, etc.**
>
>     The Company will not merge or consolidate with or into, or convey, transfer, lease or otherwise dispose of ... the property and assets ... of the Company to any Person, except as contemplated in the LCC Agreement.

**Section 10.8   Limitation on Modification of Constituent Documents and Certain Other Agreements**

The Company will not, directly or indirectly, except to the extent necessary to comply with law, amend, modify or change its LLC Agreement ... .

**Section 11   EVENTS OF DEFAULT**

An "Event of Default" shall exist if any of the following conditions or events shall occur and be continuing: ...

(d)   the Company defaults in the performance of or compliance with any term contained herein ... or in any other Transaction Document ... .

Statement No. 22

Section 12.13 of the XE-R Agreement, annexed hereto as Exhibit B, contains the following arbitration provision:

> Each of the parties hereto agrees that any dispute, controversy or claims rising out of or related to this Agreement, or any transactions contemplated herein, including, without limitation, whether such controversy or claim is subject to arbitration, shall be finally resolved by binding arbitration held in New York, New York, in accordance with the domestic arbitration rules of the American Arbitration Association, except as may be modified by this Section 12.13 or by mutual agreement of the parties to such dispute, claim or controversy.

Statement No. 23

On September 12, 2006, XE Capital served a Demand for Arbitration against R 2004, LLC, MR&Co. and Mark E. Ross, seeking brokerage commissions it claims it is due pursuant to the XE-R Agreement and the dissolution of XE-R. *XE Capital Management, LLC v. XE-R, LLC, Mark Ross & Co., Inc. and Mark E. Ross* (AAA Arbitration No. 13145 Y0205506). A true and correct copy of the transmittal letter enclosing the demand, on the letterhead of Arche's counsel in this action, is annexed hereto as Exhibit H.

Statement No. 24

Arche is aware of the pending arbitration between the original parties, as Arche and XE Capital share the same counsel, Quinn, Emanuel, Urquhart, Oliver, Hedges, LLP.

<u>Statement No. 25</u>

A true and correct copy of the *Jones/Jenkins* amended complaint, filed in California and captioned *Toni Y. Jones, in her capacity as Investment Trustee for the Harry L. Jenkins Irrevocable Insurance Trust, Mark Ross & Co., Inc. and XE-R, LLC v. Mutual Credit Corp., Spurling Group LLC, Michael Brown, Anthony Jacobson, and Does 1 through 100* (Sup. Ct. of Ca., Orange Cty., No. 07CC01223 (RLB)), is annexed hereto as Exhibit I.

Dated: May 21, 2007
      New York, NY

                                            KENT, BEATTY & GORDON, LLP

                                            */s/ Jack A. Gordon*
                                            Jack A. Gordon (JG 0536)
                                            Abbey Green (AG 9293)
                                            425 Park Avenue, The Penthouse
                                            New York, NY 10022
                                            (212) 421-4300

                                            *Attorneys for Defendant*
                                            *XE-R, LLC*

TO:    QUINN, EMANUEL, URQUHART, OLIVER & HEDGES, LLP
          Peter Calamari, Esq. (PC 3964)
          Kevin S. Reed (KR 5386)
          Jamie Leeser Nawaday (JL 4756)
          51 Madison Avenue, 22nd Floor
          New York, New York 10010
          Telephone No.: (212) 849-7171
          Facsimile No.: (212) 849-7100

          *Attorneys for Plaintiff*
          Arche Master Fund, L.P.