UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ARCHE MASTER FUND, L.P.,

                        Plaintiff,

    v.

XE–R, LLC,

                        Defendant.

ECF Case

Civil Action No. 07–CV–2993 (TBG)(AJP)

**PLAINTIFF'S COUNTER–STATEMENT IN OPPOSITION TO DEFENDANT'S RULE 56.1 STATEMENT**

---

       Plaintiff Arche Master Fund, LP ("Arche") hereby submit this Counter–Statement in response to Defendant's Rule 56.1 Statement dated May 21, 2007 ("Defendant's Statement").

       Pursuant to Local Rule 56.1(a), a party moving for summary judgment shall submit a "short and concise statement ... of the material facts as to which the moving party contends there is no genuine issue to be tried." Nothing in the rule permits or invites the moving party to submit – as Defendant has done here – a litany of irrelevant facts. Plaintiff further objects to Defendant's Statement insofar as it violates the requirements of Local Rule 56.1 and Federal Rule of Civil Procedure 56(e) by (i) failing to cite sufficient evidentiary or record support for each factual assertion;[1] and (ii) disguising legal contentions and argument as "factual" matter.[2]

---

[1]    Local Rule 56.1(d) requires that "[e]ach statement of material fact ... must be followed by citation to evidence which would be admissible ...." Assertions that do not contain supporting citations to admissible evidence should be disregarded. *See Holtz v.*

These improper responses should be disregarded. *See Rowe Entm't, Inc. v. William Morris Agency, Inc.*, No. 98 Civ. 8272, 2005 WL 22833, at *1 (S.D.N.Y. Jan.5, 2005) (striking argumentative and conclusory statements in the plaintiffs' Rule 56.1 Statements and supporting affidavits); *Goldstick v. The Hartford, Inc.*, No. 00 Civ. 8577, 2002 WL 1906029, at *1 (S.D.N.Y. Aug. 19, 2002) (striking portions of plaintiff's rule 56.1 statement in opposition and stating: "A rule 56.1 statement that contains the same turns of phrase, if not the identical whole paragraphs, as the memorandum of law is improper.").

This statement responds to Defendant's Statement paragraph by paragraph. Plaintiff objects to and/or controverts each of Defendant's statements below in whole or in part except where the word "agree" is used, and where appropriate, said agreement is qualified and Plaintiff's objections to admissibility are noted.

1. Plaintiff objects to this statement but notes that it is immaterial to the issues on which Defendant is moving for summary judgment. Accordingly, Defendants have no burden to identify evidence controverting it. *See* R. 56(e); Local Rule 56.1.

2. Plaintiff agrees, as this statement appears in Plaintiff's Complaint at paragraph 3.

---

*Rockefeller & Co.*, 258 F.3d 62, 74 (2d Cir. 2001) ("[W]here there are no[] citations or where the cited materials do not support the factual assertions in the Statements, the Court is free to disregard the assertion.") (internal citations and quotations omitted); *Epstein v. Kemper Ins. Cos.*, 210 F. Supp. 2d 308, 314 (S.D.N.Y. 2002) (disregarding improper portions of a Rule 56.1 statement, noting that "[s]tatements in [a] . . . Rule 56.1 statement are inappropriate if they . . . do not cite to supporting evidence."); *Ofudu v. Barr Labs, Inc.*, 98 F. Supp. 2d 510, 512–513 (S.D.N.Y. 2000) (striking portions of a Rule 56.1 statement that, among other things, contained insufficient evidentiary support).

2   *See Ofudu*, 98 F. Supp. 2d at 512–513 (striking portions of a Rule 56.1 statement that were argumentative and conclusory); *Sheinbrot*, 1995 WL 432608, at *2

3.       Plaintiff agrees, as this statement appears in Plaintiff's Complaint at paragraph 4.

4.       Plaintiff agrees, as this statement appears in Plaintiff's Complaint at paragraph 5.

5.       Plaintiff agrees, as this statement appears in Plaintiff's Complaint at paragraph 6.

6.       Plaintiff notes that this statement merely purports to attach an exhibit and fails to assert a statement of material fact.

7.       Plaintiff notes that this statement merely purports to attach an exhibit and fails to assert a statement of material fact.

8.       Plaintiff notes that this statement merely purports to attach an exhibit and fails to assert a statement of material fact.

9.       Plaintiff agrees that by letter dated April 12, 2007, counsel for Plaintiff notified Defendant by facsimile that Arche considered it in violation of the Note Purchase Agreement.

10.      Plaintiff agrees but notes that the date on which Arche filed its Complaint for breach of contract is immaterial to the issues on which Defendant is moving for summary judgment.

11.      Plaintiff agrees that counsel for Plaintiff mailed a Notice of Default to XE-R dated April 12, 2007 but notes that Plaintiff attached this Notice of Default to its Complaint as Exhibit D.

---

(disregarding portions of a Rule 3(g) statement that "contain conclusory assertions without proper foundation").

12. Plaintiff agrees that counsel for Plaintiff received a letter from Jack A. Gordon, counsel for Defendant, stating that Mark Ross & Co., Inc. ("MRC") intends to give XE–R a "100% participation in any settlement brokerage commission" in connection with the transaction at issue in the Complaint (the "Jenkins transaction"). Plaintiff further agrees that counsel for Defendant asked Plaintiff to withdraw the lawsuit but notes that this statement is immaterial to the issues on which Defendant is moving for summary judgment.

13. Plaintiff agrees that its counsel communicated on April 20, 2007 that it declined to withdraw the lawsuit but notes that this statement is immaterial to the issues on which Defendant is moving for summary judgment.

14. Plaintiff agrees, as this statement appears in Plaintiff's Complaint at paragraph 11, but notes that this statement is immaterial to the issues on which Defendant is moving for summary judgment.

15. Plaintiff agrees, as this statement appears in Plaintiff's Complaint at paragraph 14.

16. Plaintiff agrees, as this statement appears almost verbatim in Plaintiff's Complaint at paragraph 11.

17. Plaintiff objects to this statement on the grounds that Defendant purports to state a material "fact" unsupported by *any* evidentiary citation whatsoever, in violation of Local Rule 56.1(d). Accordingly, Defendants have no burden to identify evidence controverting it. *See* R. 56(e); Local Rule 56.1; *Holtz*, 258 F.2d at 74 ("[W]here there are no[] citations or where the cited materials do not support the factual assertions in the Statements, the Court is free to disregard the assertion"). Plaintiff further objects to Defendant's characterization that "XE–R could not obtain more favorable terms than

4

receiving 100% of any brokerage commission earned by [MRC] in connection with the Jenkins Transaction" as argumentative and conclusory. *See Ofudu*, 98 F. Supp. 2d at 512–513 (striking portions of a Rule 56.1 statement that were argumentative and conclusory).

18. Plaintiff agrees, as this statement appears in Plaintiff's Complaint at paragraph 27.

19. Plaintiff objects to this statement on the grounds that Defendant purports to state a material "fact" unsupported by *any* evidentiary citation whatsoever, in violation of Local Rule 56.1(d). Accordingly, Defendants have no burden to identify evidence controverting it. *See* R. 56(e); Local Rule 56.1; *Holtz*, 258 F.2d at 74 ("[W]here there are no[] citations or where the cited materials do not support the factual assertions in the Statements, the Court is free to disregard the assertion"). Plaintiff further objects to Defendant's statement that "settlement of the policy held by the Jenkins Trust could not be a 'wholesaler' transaction" as argumentative and conclusory. *See Ofudu*, 98 F. Supp. 2d at 512–513 (striking portions of a Rule 56.1 statement that were argumentative and conclusory).

20. Plaintiff agrees that the Note Purchase Agreement and the August 23, 2004 XE–R Agreement were executed contemporaneously, as Plaintiff makes a similar statement in paragraph 15 of the Complaint, but notes that this statement is immaterial to the issues on which Defendant is moving for summary judgment.

21. Plaintiff agrees that the Note Purchase Agreement contains the provisions listed in the statement, but notes that the Note Purchase Agreement is attached to Plaintiff's Complaint as Exhibit C. Plaintiff objects to Defendant's statement that the provisions "incorporate by reference the XE–R Agreement" as argumentative and conclusory. *See Ofudu*, 98 F. Supp. 2d at 512–513 (striking portions of a Rule 56.1 statement that were

argumentative and conclusory). Plaintiff also notes that these statements are immaterial to the issues on which Defendant is moving for summary judgment.

22. Plaintiff agrees that Section 12.13 of the XE–R Agreement contains the arbitration provision quoted in the statement but notes that this statement is immaterial to the issues on which Defendant is moving for summary judgment.

23. Plaintiff agrees but notes that this statement is immaterial to the issues on which Defendant is moving for summary judgment.

24. Plaintiff agrees but notes that this statement is immaterial to the issues on which Defendant is moving for summary judgment.

25. Plaintiff agrees but notes that this statement merely purports to attach an exhibit and fails to assert a statement of material fact.

Additionally, Plaintiff hereby submits the following additional material facts as to which there exists a genuine issue to be tried:

26. XE–R participated in a premium finance program known as the "Spurling program" beginning in 2004 as a consultant. Leighton Decl. ¶ 6, Ex. A.

27. XE–R participated in a premium finance program known as the "Spurling program" beginning in 2004 as a wholesaler, pursuant to the terms of a Letter of Intent Regarding Wholesaling Arrangement. Leighton Decl. ¶ 7, Ex. B.

28. The life insurance policy insuring the life of Mr. Harry L. Jenkins was one of the policies sold through the Spurling program. Leighton Decl. ¶ 8, Ex. C.

Dated: New York, New York
      June 19, 2007

QUINN EMANUEL URQUHART
OLIVER & HEDGES LLP

By: /s/ Jaimie Leeser Nawaday
Peter E. Calamari (PC–3964)
Kevin S. Reed (KR–5386)
Jaimie Leeser Nawaday (JL–4756)
51 Madison Avenue, 22nd Floor
New York, New York 10010
Tel.: (212) 849–7000
Fax: (212) 849–7100

*Attorneys for Plaintiff*
*Arche Master Fund LP*