UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARCHE MASTER FUND, L.P.,<br><br>　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>XE–R, LLC,<br><br>　　　　　　　　　Defendant. | ECF Case<br><br>Civil Action No. 07–CV–2993<br>(TBG)(AJP)<br><br>**DECLARATION OF**<br>**TERENCE S. LEIGHTON** |

　　　　　TERENCE S. LEIGHTON hereby declares as follows:

　　　　　1.　　I am a Managing Director of XE Capital Management, LLC, the sole member of the investment manager of Arche Master Fund, LP, the plaintiff in this action. I have held this title for approximately three and a half years.

　　　　　2.　　I make this Declaration in support of Plaintiff's Opposition to Defendant's Motion for Summary Judgment, dated June 19, 2007. The following statements are based on my personal knowledge.

　　　　　3.　　In June of 2004, I and others from XE Capital entered into negotiations with Mark E. Ross to start a premium finance company that would provide high net worth individuals greater flexibility in financing their life insurance policies. In August of 2004 we created XE–R, a joint venture between XE Capital and Ross's newly created management company, R2004.

　　　　　4.　　The controlling agreement for the joint venture was the Amended and Restated Limited Liability Company Agreement of XE–R, dated as of August 23, 2004. On December 31, 2004, that agreement was further amended and restated.

5. Within a few months of the formation of XE–R, XE Capital and XE–R engaged in business with a California premium finance company, Mutual Credit Corporation ("MCC"), and its affiliated life insurance broker, Sierra Life Solutions, LLC ("Sierra"). MCC and Sierra operated a similar premium finance program in which Sierra placed newly–issued life insurance policies that were financed by MCC.

6. To ensure that it would have adequate capital to continue funding policies, MCC negotiated with XE Capital to purchase its premium finance loans. XE Capital ultimately agreed to purchase some of these loans through a special purpose vehicle, Spurling Group LLC ("Spurling"), on the condition that XE–R be hired as a consultant to individually evaluate and approve each transaction. The policies affiliated with the Spurling loans are referred to as the "Spurling policies" or as part of the "Spurling portfolio" or "Spurling program." A true and correct copy of the Consulting Agreement, dated November 2, 2004, is attached hereto as Ex. A.

7. In addition, XE–R was permitted to earn a percentage of commissions as a wholesaler for certain sales executed through the Spurling program. The terms of this wholesaling arrangement are set forth in a Letter of Intent Regarding Wholesaling Arrangement, dated November 1, 2004, a true and correct copy of which is attached hereto as Ex. B.

8. The business transacted with respect to the Spurling policies was part of XE–R's "wholesale" business. Among the Spurling policies was a policy insuring the life of Mr. Harry Jenkins and funded by an MCC loan to the trust he established, the Harry L. Jenkins Irrevocable Insurance Trust (the "Jenkins Trust"). A true and correct

copy of an email to Bradley Baker of XE–R referencing the Jenkins policy as part of the Spurling portfolio is attached to as Ex. C.

9. I recently learned that Mark E. Ross, President and CEO of XE–R, used XE–R funds to refinance the MCC loan on the Jenkins policies in exchange for an agreement from the Jenkins Trust that it would use Mark Ross & Co., Inc. ("MRC"), the life insurance broker owned and managed by Ross, in any future resale (or settlement) of the Jenkins life insurance policies.

10. There is no reason that XE–R could not have taken advantage of the settlement brokerage opportunity that Ross secured for MRC.

11. Ross has not offered any explanation for involving MRC, rather than XE–R, as the broker for any settlement of the Jenkins policies.

12. Although Ross's counsel has asserted that MRC intended to pay XE–R the commissions resulting from the Jenkins brokerage opportunity, XE Capital is currently in arbitration seeking $30 million of commissions from MRC that it wrongfully withheld from XE–R in other transactions.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed in New York, New York on the 19th day of June 2007.

_____
Terence S. Leighton