# EXHIBIT B

1  Rick Richmond (S.B.N. 194962)
   Brent Caslin (S.B.N. 198682)
2  KIRKLAND & ELLIS LLP
   777 South Figueroa Street
3  Los Angeles, California 90017
   Telephone:  (213) 680-8400
4  Facsimile:  (213) 680-8500
   Email: rrichmond@kirkland.com
5  Email: bcaslin@kirkland.com

6  Attorneys for MUTUAL CREDIT
   CORPORATION, SIERRA LIFE
7  SOLUTIONS, LLC, SPURLING GROUP
   LLC, SPURLING GROUP II LLC, MICHAEL
8  BROWN, and ANTHONY JACOBSON

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

APR 3 0 2007

ALAN SLATER, Clerk of the Court
BY J. FRAUSTO

SUPERIOR COURT FOR THE STATE OF CALIFORNIA

FOR THE COUNTY OF ORANGE

| | |
|---|---|
| TONI Y. JONES, in her capacity as Investment Trustee for the HARRY L. JENKINS IRREVOCABLE INSURANCE TRUST, MARK ROSS & CO., INC., XE-R LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> MUTUAL CREDIT CORPORATION, SPURLING GROUP LLC, MICHAEL BROWN, ANTHONY JACOBSON, and DOES 1 through 100, inclusive, <br><br> Defendants. <br><br> MUTUAL CREDIT CORPORATION, SIERRA LIFE SOLUTIONS, LLC, SPURLING GROUP LLC, SPURLING GROUP II LLC, <br><br> Cross-Complainants, <br><br> vs. <br><br> MARK ROSS, MARK ROSS & CO., INC., XE-R, LLC, and ROES 1 through 10, inclusive, <br><br> Cross-Defendants. | CASE NO. 07CC01223 <br><br> The Honorable Ronald L. Bauer <br><br> [PROPOSED] **PRELIMINARY INJUNCTION** <br><br> Date: April 30, 2007 <br> Time: 10:30 am <br> Dept: CX 103 |

## [PROPOSED] PRELIMINARY INJUNCTION

On March 22, 2007, cross-complainants Mutual Credit Corporation ("MCC"), Sierra Life Solutions LLC ("Sierra Life"), Spurling Group LLC ("Spurling I"), and Spurling Group II LLC ("Spurling II") applied *ex parte* to this Court requesting an Order to Show Cause and a Temporary Restraining Order against cross-defendants Mark Ross and XE-R LLC. After careful consideration of the cross-complainants' likelihood of success and the weighing the likelihood of potential harms, this Court issued a temporary restraining order and scheduled a show cause hearing for April 16, 2007 as to why a preliminary injunction should not issue.

On April 3, 2007, the cross-defendants' requested an extension of the temporary restraining order and the preliminary injunction hearing, which was granted by this Court.

On April 6, 2007, the cross-defendants and the cross-complainants stipulated to a further extension of the temporary restraining order and the preliminary injunction hearing. Again, this Court granted the request.

With the restraining order twice extended, the parties conducted expedited discovery in preparation for the preliminary injunction hearing which, by stipulation of the parties, was rescheduled for April 30, 2007. The cross-defendants filed with this Court a large volume of papers in an effort to show cause why a preliminary injunction should not issue. The cross-complainants replied in support of their request for a preliminary injunction. Both parties appeared with counsel before this Court on April 30, 2007 and extensive arguments were heard regarding the preliminary injunction.

The Court, being fully advised after reading the cross-complainants' cross-complaint, *ex parte* applications, memoranda of law, declarations, and supporting materials, and after reading the cross-defendants' submission in opposition to the order to show cause re preliminary injunction, as well as the cross-defendants' declarations and other supporting materials, and after hearing extensive arguments from the cross-complainants and cross-defendants at the preliminary injunction hearing on April 30, 2007, finds that preservation of the status quo pending a trial on the merits is appropriate and that sufficient grounds exist for the requested preliminary injunction because it is reasonably probable that the cross-complainants will prevail on the merits of their claims against the cross-defendants and, after carefully balancing the equities, the potential harm to the cross-complainants heavily outweighs

1

1  any potential harm to the cross-defendants or third parties.

2  The Court thus GRANTS the relief requested by the cross-complainants until the conclusion of
3  the trial on the cross-claims and thus ORDERS as a preliminary injunction as follows:

4  Mark Ross and XE-R LLC, their directors and officers, agents, servants, employees, and all
5  other persons acting in concert of privity or in participation with them shall refrain until the conclusion
6  of the trial on the cross-complainants' cross claims:

7  ~~(i) from reducing the value of the assets in the Spurling I and Spurling II portfolios~~
8  ~~(the non-recourse promissory notes originated by MCC or the related life insurance policies) by~~
9  ~~making negative comments to life insurance carriers, existing insureds/borrowers of MCC, their~~
10 ~~representatives and agents, insurance industry groups, and the press about the structure, legality,~~
11 ~~enforceability, tax treatment, and contingent interest valuation of those notes or related policies. This~~
12 ~~provision of the injunction does not apply to comments made in court filings and on the record in this~~
13 ~~lawsuit;~~

(RLB)

14  (ii) except as required by subpoena or similar judicial process, from using or
15  disclosing the following confidential information obtained from the cross-complainants: information
16  regarding customers (such as medical, life expectancy, or policy information), life insurance carriers,
17  life settlement providers, clients, agents, brokers, or the specifics (e.g., structure, value, terms, or
18  administration) of any loan or life insurance agreement in the Spurling I or Spurling II Portfolios;

19  (iii) from entering into agreements, understandings, or arrangements directly or
20  indirectly with the insured/borrowers, and/or their trustees, beneficiaries, representatives and agents,
21  adverse to the interests of MCC, Spurling I, or Spurling II in the assets in the Spurling I and Spurling II
22  portfolios. This provision of the injunction does not apply to any existing agreements with the
23  individuals and their related life insurance trusts referred to in the April 18, 2007 declaration of Phillip
24  S. Hill III, paragraph 10, line 22: Harry Jenkins, Donald Kueltzo, and Martin Bregman.

25  The cross-complainants are to give notice of this order upon cross-defendants and within three
26  days post a bond in the amount of ~~$25,000.~~ $100,000.

27
28  April 30, 2007                              By: _____
                                                THE HONORABLE RONALD L. BAUER
                                                JUDGE OF THE SUPERIOR COURT