UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| ARCHE MASTER FUND, L.P.<br><br>                        Plaintiff,<br><br>     v.<br><br>XE-R, LLC,<br><br>                        Defendant. | ECF CASE<br><br>Civil Action No. 07-CV-2993 (TPG)(AJP)<br><br>**AFFIDAVIT OF**<br>**MARK E. ROSS** |

STATE OF NEW YORK   )
                                : ss.
COUNTY OF NEW YORK  )

      MARK E. ROSS, being duly sworn, deposes and says:

      1.     I am the President of Mark Ross & Co., Inc. ("MR&Co."), a licensed insurance agency and broker-dealer which has been in existence since 1989 and principal owner of R 2004, LLC ("R 2004"), the managing member of XE-R, LLC ("XE-R"). I am also a manager of XE-R, the Defendant in this suit.

      2.     I am familiar with the facts hereinafter set forth and know them to be true, except as to those matters stated on information and belief, which I believe to be true. I respectfully make this affidavit in support of the motion of Defendant XE-R for Summary Judgment and for a Stay Pending Arbitration.

      3.     As the President of MR&Co., principal owner of R 2004, and manager of XE-R, I hereby represent and warrant that one hundred percent (100%) of any settlement brokerage commission earned by MR&Co. in connection with any settlement sale of the Jenkins policy at issue will be provided to XE-R.

4. The brokerage agreement between MR&Co. and the Jenkins Trust concerning the settlement sale of the Jenkins policy is a direct transaction and not a wholesaler transaction, as it does not employ any third party broker. Accordingly, MR&Co. is in privity with the Jenkins Trust. Attached hereto as Exhibit A are copies of documents between the Jenkin's trust and XE-R and MR&Co., directly, in connection with a refinancing transaction in February 2007. The transactions and contracts are direct transactions and contracts.

5. Even if the original Jenkins premium finance loan was a wholesale transaction as part of the Spurling portfolio, the brokerage agreement is not a wholesale transaction. There is nothing in the Second Amended and Restated Limited Liability Company Agreement between XE Capital Management, LLC ("XE Capital") and R 2004, dated as of December 31, 2004 (the "XE-R Agreement"), that even suggests that the settlement brokerage of a policy originally procured in a wholesale-type loan transaction is itself a wholesale transaction.

6. The Letter of Intent (see Letter from Mark Ross to Sierra Life Solutions, LLC and Mutual Credit Corporation dated November 1, 2004 attached to the Declaration of Terence S. Leighton as Exhibit B), was never realized and no transactions were ever consummated pursuant to that letter.

7. MR&Co. has the employees, expertise and resources required for the settlement brokerage of life insurance policies and, consequently, is very well suited to handle any settlement brokerage of the Jenkins policy. It is the reasonable and professionally responsible course to have MR&Co., rather than XE-R, which does not have such employees, expertise or resources, handle the settlement brokerage.

8. Exhibit A attached hereto contains a Term Sheet that specifically indicates XE-R, and not MR&Co., is to receive the commission in connection with any settlement of the Jenkins policy.

(*See* p. 15 of Exhibit A.)  That Term Sheet was signed by both XE-R and the Jenkins Trust on February 8, 2007, more than two months prior to Arche's filing of this lawsuit.

WHEREFORE, it is respectfully requested that the motion of Defendant XE-R for an order granting summary judgment be granted, together with such other and further relief as the Court may deem just and proper.

_____<br>Mark E. Ross

Sworn to before me this
3rd day of July, 2007

_____
Notary Public

Christine Wawrynek
Notary Public, State of New York
No. 02WA6128208
Qualified in Kings County
Commission Expires June 06, 2009