# EXHIBIT A

Toni Y. Jones
195 Monte Vista
Aptos, CA 95003

February 8, 2007

Via email to smg@markross.com

Mark Ross & Co., Inc.
400 Park Avenue
New York, NY 10022

Re: Authorization

Dear Sir:

This letter confirms your authority and that I have instructed Mark Ross & Co., Inc. ("MRC") to proceed, on my behalf as the Investment Trustee of the Harry L. Jenkins Irrevocable Insurance Trust (the "Trust") to assist me in the assessing the Trust's options I connection with a certain loan made to the Trust by Mutual Credit Corporation ("MCC") to finance the purchase of a policy insuring the life of Harry L. Jenkins (the "Policy").

Specifically, MRC will undertake to determine the fair market value of the Policy, in order to fairly value the contingent interest portion of the MCC loan, and thereby allow me to make an informed decision regarding the disposition of the Policy. Following the procedure set forth in the promissory note between the Trust and MCC (the "Note"), MRC will acquire at least two bids for the purchase of the Policy. In order to do so, MRC will compile whatever data is required (including life expectancy reports and other medical information) to present to the bidding life settlement providers. I agree to assist as necessary, should authorizations or other documentation be required from the Trust or the Insured. MRC will also undertake, if needed, to acquire the independent valuation from Coventry contemplated by the Note, so that all parties are satisfied that the contingent interest portion of the loan has been properly valued.

Once these services have been performed, I will be in a position to determine the feasibility of proceeding with a loan pay-off, refinancing or settlement market sale. I understand that this decision should be made in conjunction with legal counsel, with thorough consideration of all the possible tax and other implications of my decision.

I may contact you again should I determine to either refinance or sell the policy after reviewing the Trust's options, but understand that I am not obligated to do so.

Very truly yours,

*[signature: Toni Y. Jones]*

Toni Y. Jones, Investment Trustee

Toni Y. Jones
195 Monte Vista
Aptos, CA 95003

February 8, 2007

Via email to smg@markross.com

XE-R, LLC
400 Park Avenue
New York, NY 10022

Re: Loan Repayment Authorization

Dear Sir:

    As the Investment Trustee of the Harry L. Jenkins Irrevocable Insurance Trust (the "Trust"), I authorize you to make payment on behalf of the Trust of the balance due on the loan made to the Trust by Mutual Credit Corporation to finance the purchase of a policy insuring the life of Harry L. Jenkins.

Very truly yours,

*Toni Y. Jones*

Toni Y. Jones, Investment Trustee

2

Toni Y. Jones
195 Monte Vista
Aptos, CA 95003

February 8, 2007

Mr. Alan H. Buerger
Chief Executive Officer
Coventry First
7111 Valley Green Road
Fort Washington, PA 19034-2209

Dear Mr. Buerger:

    I am the Investment Trustee of the Harry L. Jenkins Irrevocable Trust dated 12/23/04 (the "Trust"). The Trust is the obligor on a Promissory Note in favor of Mutual Credit Corporation dated February 11, 2005 (the "Note") which matures on February 10, 2007.

    In order to make a decision regarding repayment of the loan, it is my obligation under the Note to determine the value of the "Contingent Interest" portion of the loan, which is determined by reference to the fair market value of the life insurance policy which was financed by the proceeds of, and secures, the Note. Specifically, the Note contemplates as part of its procedures that I acquire the independent valuation of that life insurance policy from Coventry First.

    I therefore ask that you provide an independent valuation of the policy, ███████████████ I will gladly provide you with whatever further information you need to perform the valuation.

Very truly yours,

*Toni Y Jones*

Toni Y. Jones, Investment Trustee

3

Toni Y. Jones
195 Monte Vista
Aptos, CA 95003

February 8, 2007

Via email to: ajacobson@sierralife.net

Mutual Credit Corporation
1620 N. Placentia Ave. Suite 210
Placentia, CA 92780

Attention: Anthony Jacobson

Re: Harry L. Jenkins Irrevocable Insurance Trust
- MCC Note dated 2/11/05 in Principal Amount of ▇▇▇
- ▇▇▇ Policy number ▇▇▇ insuring Harry L. Jenkins

Dear Sir:

As the Investment Trustee of the above-referenced Trust which is the obligor on the MCC Note referenced above, I wish to advise you that the Trust has made arrangements to pay the MCC Note in full.

In order to value the Contingent Interest for purposes of repayment, the Trust has followed the procedures set forth in the MCC Note. The Trust has received the following bids from two licensed settlement providers for the Policy referenced above, which serves as collateral security for the MCC Note: Financial Life Services offer of ▇▇▇, and Secondary Life Capital offer of ▇▇▇. Copies of these two bids are attached. In addition, the Trust encloses an independent valuation of the Policy by Coventry First indicating a value of ▇▇▇.

In accordance with the provisions of the MCC Note, the amount due equals ▇▇▇ representing principal with interest at 10% per annum and Contingent Interest of zero. Accordingly, we are remitting that amount to you as payment in full of the MCC Note.

Upon your receipt of our payment, we would appreciate your prompt release of the collateral assignment of the Policy and the return of the MCC Note marked as paid in full together with such other documents as are required to be returned to us by the terms of the MCC Note and related agreements. You should send these materials to the following addressee who will receive them on my behalf: Jeff Patterson, Potomac Group West, 437 S. Highway 101, Suite 403, Solana Beach, CA 92075.

Very truly yours,

*/s/ Toni Y. Jones/*

Toni Y. Jones, Investment Trustee

4

**PACIFIC LIFE INSURANCE COMPANY**
Life Insurance Division – Client Services Department
P.O. Box 6390 • Newport Beach, CA 92658-6390
(800) 347-7787



TITLE ASNMT

# COLLATERAL ASSIGNMENT

### INSTRUCTIONS TO POLICYOWNER
1. Print full name and address of the Collateral Assignee.
2. The policyowner must sign and date this form.
3. Return the completed form to your Pacific Life Insurance Company (PL) Associate or local office. The form may also be mailed directly to Client Services Department, Pacific Life, P.O. Box 6390, Newport Beach, California 92658-6390.
4. You will receive written confirmation from PL that will signify that this assignment is acceptable to PL and has been recorded. Upon receipt of confirmation, you should send a copy to Collateral Assignee.

### SIGNATURES REQUIRED
**ONE INDIVIDUAL OWNER** – No other signatures are required. However, in community property states it is recommended that the individual owner's spouse also sign the form when the policy is not considered separate property.
**SEVERAL INDIVIDUAL JOINT OWNERS** – All individuals must sign.
**PARTNERSHIP AS OWNER** – Signature of authorized signing partner.
**CORPORATION AS OWNER** – An authorized officer must sign the form with his/her signature and title. The signature must be notarized or the corporate seal affixed.
**BENEFICIARY** – PL suggests that the beneficiary consent to the assignment by signing this form in the "vested interest" states of Colorado, Massachusetts, Louisiana, New York and New Jersey.

| INSURED'S NAME - Print full name | POLICY NUMBER (or Application number) |
|---|---|
| Harry L. Jenkins | [redacted] |

For value received, I transfer and assign this policy, subject to the conditions outlined below and on page two, to:

| COLLATERAL ASSIGNEE - Name |
|---|
| XE-R, LLC |

| Address - No. Street | City | State | Zip Code |
|---|---|---|---|
| 400 Park Avenue, 18th Floor, New York, NY 10022 | | | |

**BENEFICIARY** – This assignment will not change the beneficiary of the policy. The beneficiary designation will remain in effect unless changed by the owner.
**SUPPLEMENTARY POLICY** – This assignment will apply to any Life policy, including any supplementary riders, having the above policy number.
**PRIOR ASSIGNMENT** – If this policy has been previously assigned, the existing assignment(s) will take precedence in case of a claim.

**ASSIGNMENT EFFECTIVE DATE** – Written confirmation by PL to the policyowner will signify that this is acceptable to PL and has been recorded. However, PL will have no liability for any action taken before this assignment is recorded at its home office.
**DEFINITIONS** – PL means Pacific Life Insurance Company. Words in the singular will include the plural, and words in the masculine gender will include the feminine gender, if applicable.

| Trustee, Harry L. Jenkins Irrevocable Insurance Trust<br>X _[signature]_ | APPLICANT'S SIGNATURE (Only required at time of application, if other than policyowner) | Date |
|---|---|---|
| PROPOSED INSURED'S SIGNATURE (Only required at time of application, if other than applicant/policyowner)       Date | XE-R, LLC<br>X | Date |

ADDITIONAL SIGNATURES (CHECK APPROPRIATE BOX(ES))

_____ ☐ BENEFICIARY SIGNATURE
SIGNATURE

_____ ☐ CORPORATION SIGNATURE
SIGNATURE

NOTARY PUBLIC STAMP OR CORPORATE SEAL

**HOME OFFICE USE**
Pacific Life Insurance Company has retained the original Assignment, dated _____ and is returning a copy of this document. The Home Office assumes no responsibility for the validity of this document.

SECRETARY, NEWPORT BEACH, CALIFORNIA

*Provide a photocopy of this signed form to all signing parties*

Page 1 of 2

15-04027-40  11/2000



# COLLATERAL ASSIGNMENT 

### GENERAL CONDITIONS

This assignment is made as collateral security for an obligation owed the assignee, which may include, but is not limited to, any amounts hereafter advanced by the assignee for the purpose of paying premiums on the policy.

This assignment is subject to all the conditions of the policy, any prior lien in favor of PL and rules and regulations of PL. This assignment is also subject to all prior assignments.

The assignee, by the acceptance of this assignment, agrees to the conditions and provisions herein set forth.

### ASSIGNEE'S RIGHTS

It is agreed that the following specific rights are included in this assignment and pass to the assignee.

1. The sole right to collect from PL the net policy proceeds when it becomes a claim by death or maturity.
2. The sole right to surrender the policy and receive the surrender value:
   (i)  at any time provided by the policy terms, and
   (ii) at such other times as the Insurer may allow.
3. The sole right to obtain one or more loans on the policy, either from PL or from other persons. The sole right to pledge or assign the policy as security for such loans.
4. The sole right to collect and receive all distributions or shares of surplus, dividend deposits or additions to the policy now or later made. The sole right to exercise any and all options in the policy with respect to such distributions or surplus dividend deposits or additions. However, the plan in effect for such distributions of surplus, dividend deposits or additions at this assignment date will remain, unless PL receives a written request from the assignee to change it.
5. The sole right to exercise all non-forfeiture rights permitted by the terms of the policy or allowed by PL. The sole right to receive all benefits and advantages derived from the exercise of such non-forfeiture rights.

### POLICYOWNER'S RIGHTS

It is agreed that the following specific rights, so long as the policy has not been surrendered, are reserved and excluded from the assignment and do not pass to the assignee.

1. The right to collect from PL any disability benefit payable in cash that does not reduce the amount of insurance.
2. The right to designate and change the beneficiary.
3. The right to elect any settlement option available in the policy or allowed by PL.
4. The right to transfer amounts between the subaccounts of the Separate Account and to and from the Fixed Account as allowed per the Prospectus for a Variable Universal Life Policy.

The reservation of these rights will in no way impair the right of the assignee to surrender the policy. Neither will such reservation impair any other right of the assignee resulting from this assignment. Any designation or change of beneficiary or election of a settlement option will be subject to this assignment and the rights of the assignee under this assignment.

### AGREEMENT BETWEEN POLICYOWNER AND ASSIGNEE

A. The assignee agrees with the policyowner as follows:

1. That any balance of money received under this assignment remaining after payment of the obligation, which this assignment secured, will be paid to the persons entitled thereto under the terms of the policy, had this assignment not been made.
2. That the assignee will not exercise the right to obtain policy loans from PL, except for the purpose of paying premiums and except as an alternative, at the option of the assignee, to the surrender of this policy.
3. That the assignee will not exercise the right to surrender this policy or the right to obtain a policy loan from PL (other than to pay premiums) until:
   (i)   there has been default in performance of the obligation secured by this assignment, or
   (ii)  there has been failure to pay any policy premium when due, and in either case
   (iii) 20 days have elapsed since the assignee mailed by first class mail, to the policyowner at his last known address, notice of intention to surrender or obtain a policy loan.

B. The policyowner and assignee agree as follows:

1. That PL will not be responsible for the sufficiency or validity of this assignment.
2. That PL is authorized to, and will be protected in, accepting the sole signature or request of the assignee as to rights granted the assignee by this assignment, and the sole signature or request of the policyowner as to rights reserved to the policyowner.
3. That PL will have no duty or responsibility to determine the existence of any default in the obligation secured hereby, the amount of the obligation, the giving of any notice by the assignee, the purpose of any policy loan or surrender of the policy, or otherwise question the right of the assignee to exercise any of the rights granted by this assignment.
4. That PL is authorized to make payment to the sole order of the assignee of any amounts becoming payable to the assignee under this assignment, and PL will have no duty to see to the application of the funds so received and will be discharged to the extent of such payment.



**OWNERSHIP, NAME OR BENEFICIARY CHANGE REQUEST**
For Individual Life Insurance or Fixed Annuities

**TITLE TITLE**

**PACIFIC LIFE**

| Primary Insured: | Policy Number(s): |
|---|---|
| Harry L. Jenkins | VF51 329 980 |

### 3 BENEFICIARY CHANGE

I revoke all previous beneficiary designations. Reserving the right to change the beneficiary, I direct that the death benefit be paid in one sum, unless otherwise specified, to the beneficiary designated below.

Primary Beneficiary (Print full name, address, and Social Security/Taxpayer ID Number of each primary beneficiary)

XE-R, LLC
400 Park Avenue, 16th Floor
New York, NY 10022
TIN: 20-1488260

Relationship of Primary Beneficiary to Insured _____

or should no primary beneficiary survive to receive payment to:

Contingent Beneficiary (Print full name, address, and Social Security/Taxpayer ID Number of each contingent beneficiary) — Optional

Relationship of Contingent Beneficiary to Insured _____

Note: If designating an irrevocable beneficiary, indicate "Irrevocable" in the beneficiary designation. An irrevocable beneficiary designation can only be changed by the policyowner with the irrevocable beneficiary's consent.

### 4 SIGNATURES
Each of the undersigned attests that no bankruptcy or insolvency proceedings have been filed or commenced by or against him/her.

| Trustee, Harry L. Jenkins Irrevocable Insurance Trust | Date |
|---|---|
| X [signature] | 2-8-07 |
| XE-R, LLC | Date |
| X | |
| | Date |

☐ Check here if present policy is owned by sole proprietorship

( )

Corporate Seal or Notarization

Page 2 of 4

15-21072-03 8/2000

**OWNERSHIP, NAME OR BENEFICIARY CHANGE REQUEST**
For Individual Life Insurance or Fixed Annuities

TITLE TITLE
**PACIFIC LIFE**

| Primary Insured: | Policy Number(s): |
|---|---|
| Harry L. Jenkins | VF51 329 990 |

### 1. OWNERSHIP CHANGE   I transfer ownership of this policy to:

New Owner (Print full name and address)*

XE-R, LLC

400 Park Avenue, 18th Floor

New York, NY 10022

\* If more than one individual is named as owner, they will own the policy as joint tenants with right of survivorship, unless otherwise provided.

New Owner's Date of Birth ___/___/___
                           Mo   Day  Year

Relationship of New Owner to Insured: Lender to trust created by Insured

and on the above owner's death to:

Contingent Owner (Print full name and address) - Optional

Relationship of New Contingent Owner to Insured _____

New Owner's Social Security or Taxpayer Identification No.:
Under penalty of perjury, I attest that the policyowner's correct Taxpayer I.D. Number is _____ ; and

Check One:
☐ I am subject to back-up withholding. I understand that income tax will be withheld from my payment.
☒ I am not subject to back-up withholding because (a) I am exempt from backup withholding, or (b) I have not been notified by the IRS that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding. Do not withhold income tax from my payment.
☐ I am not subject to backup withholding, but direct PL to withhold from my payment.

Send Future Premium and Other Notices To:
(check one and provide name and address)

☒ New Owner
☐ Insured
☐ Payor
☐ Other

Name and Address of Party Receiving Premium Notices:
see above

Note: A change in ownership may result in adverse tax consequences. Consult your tax advisor for guidance.

### 2. NAME CHANGE   I direct Pacific Life to make the following name change:

Old Name _____

New Name _____

NAME CHANGE APPLIES TO:
☐ Owner
☐ Insured
☐ Beneficiary
☐ Payor
☐ Other covered person

REASON FOR CHANGE:
☐ Marriage
☐ Divorce (attach copy of court order)
☐ Court Order (attach copy)
☐ Correction
☐ Other _____

Page 1 of 4

15-21072-03 8/2000

8

Principal Amount: $937,928                               Maturity Date: March 15, 2007

## INTERIM REFINANCING AGREEMENT

FOR VALUE RECEIVED, the Harry L. Jenkins Irrevocable Insurance Trust dated 12/23/04 (the "Borrower") promises to pay to the order of XE-R, LLC (the "Lender") in lawful money of the United States of America, the principal amount of ▇▇▇▇ which the Borrower is borrowing from the Lender as of February 9, 2007 ("Effective Date") together with interest as provided in this Agreement.

Section 1. <u>Purpose of Loan</u>. Borrower is currently indebted ("Current Indebtedness") to the Noteholder named below under an agreement entered into on the date indicated below. As collateral security for the Current Indebtedness, the Borrower made a collateral assignment to the Noteholder of a life insurance policy owned by the Borrower and identified below (the "Policy"). Borrower desires to (i) enter into this Agreement to pay the Current Indebtedness in full by the due date indicated below for the Current Indebtedness, (ii) cause the Noteholder to release its collateral assignment of the Policy and (iii) make a new collateral assignment of the Policy in favor of Lender in accordance with this Agreement.

<u>Current Indebtedness</u>

| Noteholder | Date of Agreement | Amount Due | Date Due |
|---|---|---|---|
| Mutual Credit Corporation | 2/11/05 | ▇▇▇▇ | 2/10/07 |

<u>Policy</u>

| Insured | Insurer | Policy Number | Face Amount |
|---|---|---|---|
| Harry L. Jenkins | ▇▇▇▇ | ▇▇▇▇ | ▇▇▇▇ |

Section 2: <u>Successor Agreement</u>. Borrower and Lender acknowledge that this Agreement is intended to be temporary and that no later than the Maturity Date under Section 4 of this Agreement, they shall enter into a longer term agreement or agreements providing for (i) payment of the amount due under this Agreement, (ii) financing by Lender of the annual premium for the Policy for the next 12 months, (iii) a commitment from the Borrower that Lender (or its affiliate) shall be the exclusive settlement broker for the Policy for a term of seven years, and such other terms and conditions as are consistent with the Term Sheet dated February 8, 2007 that is signed by the parties, made a part of this Agreement and attached hereto. Lender shall not be required to enter into any successor agreement if after reasonable efforts,

L:\HILLDEV\LOPM\2007\INTERIM REFINANCING AGREEMENT.doc                       February 8, 2007

9

Page 2

Lender has been unable to obtain a collateral assignment of the Policy to secure the Borrower's debt under this Agreement or as to any such successor agreement.

Section 3.  Loan Disbursement.  Lender shall disburse on behalf of the Borrower the loan proceeds to the Noteholder in the amount due under the Current Indebtedness indicated above.

Section 4.  Interest and Maturity Date.

(a)  Interest.  Interest shall accrue from the Effective Date on the unpaid balance of the principal amount under this Agreement at the rate of 15% per annum.

(b)  Maturity Date.  The principal amount specified in this Agreement together with accrued and unpaid interest, shall become due and payable in full on March 15, 2007 ("Maturity Date").  If by the Maturity Date the parties have not entered into the successor agreements described in Section 2, Lender shall extend the Maturity Date for 14 days or such longer period of time as Lender reasonably determines.

Section 5.  Place of Payment.  Payment of any amount to be paid under this Agreement shall be made to the Lender at the address stated below, or at such other place as the Lender may direct by written notice to the Borrower.

Section 6.  Required Documentation.  The Borrower shall execute, on the Effective Date, the Loan Disclosure Statement and the Payment Direction attached hereto.

Section 7.  Collateral

(a)  Grant of Security Interest.

(i)  To induce Lender to loan funds as provided in this Agreement, Borrower hereby grants to Lender a continuing security interest in the Policy as collateral security for the prompt and complete payment when due of the Borrower's obligations under this Agreement.  Such security interest shall include:  (x) any cash value, death proceeds, or other payments by the Insurer with respect of the Policy and (y) any value of the Policy that is or may be realized by sale of the Policy to a third party.  As soon as practicable after Borrower causes the collateral assignment in favor of Noteholder to be released, Lender

Page 3

intends to file a collateral assignment with respect to the Policy in favor of Lender, and Borrower shall take such action as reasonably requested by Lender to facilitate such filing.

(ii) Borrower authorizes Lender in the event of default hereunder to take whatever action with respect to the Policy as Lender deems appropriate to obtain repayment of the amount due hereunder, including but not limited to transferring Policy ownership to the Lender or surrendering the Policy for its cash value and filing with the Insurer the Payment Direction attached hereto. Borrower shall cooperate with Lender in effecting any such action and shall sign such forms as reasonably required for this purpose. Borrower shall promptly remit to Lender any proceeds from the Policy which it receives but not in excess of the amount due hereunder. Lender shall promptly remit to Borrower any proceeds from the Policy which it receives in excess of the amount due hereunder plus applicable costs, including the commissions indicated on the Term Sheet in the event the Policy is sold to a third party.

(b) <u>Borrower's Covenant Not to Transfer or Encumber Policy</u>. Until payment in full of all of Borrower's obligations hereunder, Borrower covenants and agrees that Borrower shall not transfer any interest in or ownership of the Policy except with the written consent of Lender, and that Borrower shall not cause or permit any security interest in or liens or encumbrances on the Policy except those in favor of Lender and, until the processing of its release by the Insurer as contemplated hereunder, the existing collateral assignment in favor of Noteholder.

Section 8. <u>Non-Recourse</u>. Notwithstanding anything to the contrary herein, neither Borrower nor any of its trustees or beneficiaries shall have any liability to Lender, directly or indirectly, other than Lender's recourse to the Policy to the extent of Borrower's interest therein.

Section 9. <u>Miscellaneous</u>.

(a) <u>Waiver</u>. Borrower hereby waives, to the fullest extent permitted by law, presentment, protest and notices of any kind, including, without limitation, notices of nonperformance, presentment of payment, notices of dishonor, notices or protest, notices of non-payment, and any other notices that may be required in connection with Lender's exercise of its rights under this Agreement and any Payment Direction attached hereto.

(b) <u>Binding Effect</u>. The promises, terms and conditions contained herein shall be binding upon the Borrower and its successors and assigns.

Page 4

(c) <u>Communications</u>. For purposes of this Agreement, communications between the parties shall be in writing and served in person or by commercial courier service or certified United States mails addressed as indicated below to such other address as the party shall designate by written notice to the other party.

To Borrower:

Toni Y. Jones, Investment Trustee
c/o Harry L. Jenkins
2120 Chanticleer Avenue
Santa Cruz, CA 95062

To Lender:

XE-R, LLC
400 Park Avenue
New York, NY 10022
Attn: Lisa Brogan

(d) <u>Assignment</u>. Lender may assign this Agreement and its associated rights, and such assignee shall thereafter have all rights of the Lender hereunder without any requirement of acknowledgement or acceptance by Borrower as to such assignment.

(e) <u>Governing Law</u>. This Agreement shall be construed in accordance with and shall be governed by the laws of the State of New York.

(f) <u>Amendment</u>. This Agreement may be amended or restated at anytime with the written consent of the Lender, which it may give or withhold in its sole discretion.

IN WITNESS WHEREOF, the Borrower has caused this Agreement to be executed.

BORROWER

Signed: _/s/ Toni Y. Jones_____    Dated: 2, 8-07
Harry L. Jenkins Irrevocable Insurance Trust dated 12/23/04
Name: Toni Y. Jones
Title: Investment Trustee

<u>Lender's Covenant</u>

Lender agrees not to transfer ownership of the Policy or exercise any of its rights in foreclosing upon the Policy as provided in Section 7(a)(ii) except in the event of Borrower's default under this Agreement.

Signed: _/s/ Philip S. Hill_____
XE-R, LLC – Philip S. Hill, Senior Vice President

U:\HILL\DEVELOPM\2007\INTERIM REFINANCING AGREEMENT.doc    February 8, 2007

12

Page 5

# EXHIBIT A

## Loan Disclosure Statement

I, the undersigned Borrower on the loan described below, understand that (a) the loan is for purposes of life insurance policy premium financing, (b) the interest rate charge on the loan is at a rate of 15% per annum, and (c) there are no other charges by or compensation to the Lender in connection with the loan.

Loan Principal: ▮▮▮▮▮▮▮▮

Loan Note dated: February 9, 2006

Lender: XE-R, LLC

Signed: *Toni Y. Jones*   Dated: 2.8.07

Harry L. Jenkins, Irrevocable Insurance Trust dated 12/23/04
Name: Toni Y. Jones
Investment Trustee

Page 6

# EXHIBIT B

## Payment Direction

I, the undersigned, am the owner of each life insurance policy identified below (individually, the "Policy"), and borrowed funds from the Lender named below to pay certain premiums on each Policy.

I hereby authorize and direct each Insurer named below to pay to the Lender from the proceeds of the Policy or cash value of the Policy or refund of premium in respect of the Policy made for any reason, the amount specified in writing by the Lender and to pay to me (or the Policy beneficiary if payment is on account of the insured's death) the balance of any such proceeds, cash value or refund.

I further authorize and direct that each Insurer send all checks to the Lender at the address indicated below, including any checks payable to me (or the Policy beneficiary, if applicable).

I agree that no Insurer shall have any responsibility to make any inquiry as to the validity or correctness of the Lender's payment instruction or as to the application of the amounts paid by the Insurer.

In making any payment pursuant to this Payment Direction, the Insurer shall rely solely on this Payment Direction and the Lender's instruction in connection herewith, and I shall indemnify the Insurer against all claims and liability in acting pursuant to this Payment Direction and Lender's instruction in connection therewith.

I agree that a photocopy of this instrument shall be as valid as the original.

Insured:   Harry L. Jenkins

| Insurer | Policy Number | Face Number |
|---------|---------------|-------------|
|         |               |             |

Lender:   XE-R, LLC

Address:   XE-R, LLC
           400 Park Avenue
           New York, NY 10022

Policy Owner:   Harry L. Jenkins, Irrevocable Insurance Trust dated 12/23/04

Signature of Owner: _Toni Y Jones_    Dated: 2-9-07
Name: Toni Y. Jones
Title: Investment Trustee

U:\HILL\DEVELOPM\2007\INTERIM REFINANCING AGREEMENT.doc                February 8, 2007

14

**XE-R, LLC**

**Term Sheet**

February 8, 2007

| Insured: | *Harry L. Jenkins* |
|---|---|
| Loan Status: | *Approved* |

| Annual Interest Rate: | *15.00%* |
|---|---|
| Term of Loan (n): | *12 months* |

### Policy Information

| A | B | C |
|---|---|---|
| Issuer | Policy Number | Face Amount |
| | | |

### Policies to be Financed

| | Current Loan | | | Additional Premium | | | Total Financed |
|---|---|---|---|---|---|---|---|
| D | E | F | G | H | I |
| Current Lender | Date Due | Amount Due | Next Annual Premium | Date Due | F + G |
| MCC | 2/10/2007 | | | | |

### Premium Financing

| | | Refinance Current Loan | Additional Premium Loan | Total Loan |
|---|---|---|---|---|
| 1. | Origination Fee Included in Loan Principal | | | |
| 2. | Loan Principal (l) | | | |
| 3. | Amount of Interest | | | |
| 4. | Due at 12 Months | | | |

### Services Agreement

| 5. | Base Commission (2.5% of Policy Face Amount) | XE-R Commission in event of Settlement |
|---|---|---|
| 6. | Incentive Commission | Plus ▮% of sale price over the sum of Total Loan Due (line 4) and Base Commission (line 5) |

Notes: Until signed by Lender and made part of the Interim Refinancing Agreement, this term sheet is not binding and the amounts and terms are subject to change.

(i) Term of loan may be extended at Lender's option.
(ii) Loan principal includes a 5% loan origination fee as shown on Line 1.
(iii) The Life Insurance Services Agreement is a separate agreement between the policy owner and XE-R and provides that XE-R shall be the exclusive broker for policy settlement if there is a settlement sale of the policy within 7 years after the loan is made. XE-R's commission is shown in Lines 5 and 6.

Borrower: _____
Trustee, Harry L. Jenkins Irrevocable Insurance Trust

Lender: _____
XE-R, LLC

15

**Supplemental Agreement**
**To**
**Interim Refinancing Agreement**
**Dated February 9, 2007**

**Adding ▇▇▇ to the Principal Amount**

WHEREAS, under the Interim Refinancing Agreement dated February 9, 2007 executed by the undersigned Borrower in favor of XE-R, LLC ("February Agreement"), the undersigned Lender paid on Borrower's behalf ▇▇▇ to the Noteholder (as defined in the February Agreement) which was intended as full payment of the Borrower's indebtedness to the Noteholder.

WHEREAS, subsequent to Lender's payment, the Noteholder advised of an additional $65,500 of Borrower's indebtedness due to a previously undisclosed premium it paid on the Policy (as defined in the February Agreement).

WHEREAS, pursuant to the Noteholder's advice of the additional amount owed, Lender remitted an additional ▇▇▇ the Noteholder on March 1, 2006 on the same terms as set forth in the February Agreement.

NOW THEREFORE, Borrower and Lender agree that as of March 1, 2007, ▇▇▇ shall be added to the principal amount of the February Agreement and that the provisions of the February Agreement shall apply to such $65,500 including the amendment dated March 7, 2007 to the February Agreement and any subsequent amendment to the February Agreement.

Dated: 4.9.07

Borrower:

X _/s/ Toni Y. Jones_
Harry L Jenkins Irrevocable Insurance Trust
dated 12/23/04

Toni Y. Jones, Trustee

Lender:

X _/s/_
XE-R, LLC

Name: __PHILIP S. HILL__
Title: __SENIOR VICE PRESIDENT__

C:\Documents and Settings\gattm\Local Settings\Temporary Internet Files\OLK1\Jenkins Supplement to Interim Refinancing Agreement 2 (2).doc
April 3, 2007

16

EXHIBIT A

To

**Supplemental Interim Refinancing Agreement**

**Loan Disclosure Statement - Revised**

I, the undersigned Borrower on the loan described below, understand that (a) the loan is for purposes of life insurance policy premium financing, (b) the interest rate charge on the loan is at a rate of 15% per annum, and (c) in connection with the loan note dated February 9, 2007, there is an origination fee equal to 5% of the loan principal. There is no origination fee for the loan as of March 1, 2007.

Loan Principal: ■■■■■■  ■■■■■■

Loan Note dated:  February 9, 2007    As of March 1, 2007

Lender:    XE-R, LLC    XE-R, LLC

*Includes origination fee of ■■■■ per Term Sheet dated February 8, 2007.

Signed: _Toni Y Jones_    Dated: 4·9·07
Harry L. Jenkins, Irrevocable Insurance Trust dated 12/23/04
Name:  Toni Y. Jones
       Investment Trustee

C:\Documents and Settings\gattm\Local Settings\Temporary Internet Files\OLK1\Jenkins Supplement to Interim Refinancing Agreement 2 (2).doc
April 3, 2007

17

## Amendment of Interim Refinancing Agreement

This Amendment dated March 7, 2007 to the Interim Refinancing Agreement for the Borrower named below entered into on 2/8/07 ("Agreement").

The Agreement is amended as follows:

1. Section 3 is amended to add at the end thereof the following:

Lender shall disburse on behalf of the Borrower additional funds in payment of attorney fees and other expenses of the Borrower which Lender or its affiliate has agreed in writing to pay, shall make such payment directly to the attorneys (or payee as applicable), and shall add such disbursement to the principal amount of the loan under this Agreement.

2. Section 4 (b) is amended to strike the date March 15, 2007 and insert the date April 30, 2007.

3. The "Maturity Date" on page 1 is amended to strike the date March 15, 2007 and insert the date April 30, 2007.

IN WITNESS WHEREOF, the parties have executed this Amendment on the date first written above.

Borrower:                                            Lender:

x _Toni Y Jones_                                     x _[signature]_
Harry L. Jenkins Irrevocable Insurance Trust         KE-R, LLC
dated 12/23/04

Name:  Toni Y Jones, Trustee                         Name:  PHILIP S. HILL
                                                             SENIOR VICE PRESIDENT

Title:  Investment Trustee                           Title: